BURCH & CRACCHIOLO, P.A.
702 East Osborn Road
Phoenix, Arizona 85014
Telephone (602)234-8762
Facsimile (602) 850-9762
hmeyers@bcattorneys.com

Howard C. Meyers, SBA #005007

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

In re:

TIMOTHY RAY WRIGHT,

    Debtor and
    Debtor In Possession.

Chapter 11 Proceedings

Case No. 2:09-bk-32244-SSC

**SUPPLEMENTAL UNSWORN DECLARATION PURSUANT TO RULE 2014(a) UNDER PENALTY OF PERJURY BY FORMER ATTORNEYS FOR DEBTOR IN POSSESSION**

The undersigned Howard C. Meyers (hereafter sometimes "Declarant") does hereby certify under penalty of perjury and pursuant to Rule 2014(a) of the Bankruptcy Rules of Procedure:

1. In or about early December, 2010, your Declarant discovered that Burch & Cracchiolo, P.A. ("the Firm") had been representing Wells Fargo Bank, NA ("Bank") in work out negotiations, a deed of trust sale and state court receivership action involving a commercial borrower Palanca Properties, LLC, an Arizona limited liability ("Palanca"), which is a single asset real estate entity which owns a commercial medical building located at 333 W. Thomas Rd., Phoenix, Arizona. The loan in question is documented as a commercial loan and involved

both the creation of real property and personal property security interests with recordings at not only the Office of the Maricopa County, Arizona, Recorder but also at the Office of the Arizona Secretary of State and perfection of the interest in the rents was asserted by consequence of not just recording but by affirmative exercise of the appointment and qualification of a receiver. Upon investigation, the Firm did not take any positions on behalf of the Bank which were inconsistent with the legal positions asserted on behalf of the Debtor In Possession in this chapter 11 case.

2. Your Declarant became aware of this representation just prior to the time when Palanca filed a chapter 11 case in this Court using Jennings, Strouss & Salmon as their counsel on December 7, 2010, initiating Case No. 2:10-bk-39044-RJH. Your Declarant became aware of this representation when Amy Howland, the attorney handling the Palanca matter for the Firm, consulted your Declarant internally on the matter because she had been apprised that Palanca intended to file a chapter 11 case.

3. The Bank is a creditor of the above-named estate.

4. After discovering this representation of the Bank and investigating the matter so as to be fully advised, your Declarant advised the Debtor In Possession orally and in writing of the Firm's representation of the Bank in the Palanca matter.

5. Upon investigation, other than this one matter involving Palanca and a few small isolated representations or consultations which had been terminated prior to Palanca, our firm has no substantial relationship with the Bank other than certain deposit relationships maintained by the Firm with the Bank.

6. Upon investigation, the Firm's representation of the Bank in the Palanca matter did not involve a subject which had the possibility of an exchange

of any confidential information related to the instant chapter 11 case.

7. Upon investigation, the Firm's contact with reference to the Palanaca matter was with persons at a commercial loan unit of the Bank in Mesa, Arizona, which persons had no involvement with nor any authority over the claims of the Bank present in chapter 11 case, all of which appear to be being administered from outside the State of Arizona, save for the appearance in limited instances of local counsel for the Bank.

8. Upon investigation, there was a lack of any relatedness between the Firm's representation of the Bank in the Palanca matter and the Firm's service to the Debtor In Possession in chapter 11 case.

9. Upon consultation with the Debtor In Possession, it was determined that the Debtor In Possession was uncomfortable even considering consenting to the Firm's representation of the Bank and the Firm acquiesced to the Debtor In Possession by declining to represent the Bank in the Palanca chapter 11 case.

10. Accordingly, the Firm did not provide any further representation to the Bank in connection with the Palanca chapter 11 case and the Bank was advised to obtain other counsel in connection with the Palanca chapter 11 case which it did.

11. A review of the Palanca chapter 11 case docket reflects that Jaburg & Wilk, P.C. is representing the Bank in the Palanca chapter 11 case.

DATED this 25th day of February, 2011.

BURCH & CRACCHIOLO, P.A.

By: /s/ Howard C. Meyers, SBA#005007
Howard C. Meyers, Of Counsel
702 East Osborn Road, Suite 200
P.O. Box 16882
Phoenix, Arizona 85011

Original Filed Electronically
with the United States Bankruptcy
Court for the District of Arizona
this 25th day of February, 2011

Copy of the foregoing
mailed this 25th day of
February 2011, to:

U.S. Trustee's Office
230 N. First Ave., Suite 204
Phoenix, AZ 85003

Timothy Ray Wright
727 W. University Drive
Tempe, AZ 85281

Daniel Garrison
Andante Law Group of Daniel E. Garrison, PLLC
4110 N. Scottsdale Road, Suite 330
Scottsdale, AZ 85251
Proposed Counsel for the Debtor In Possession

/s/ Becky Chesley